ZACHARY, Judge.
 

 *470
 
 Daniel Bowlin (defendant) appeals from judgment entered upon his conviction of three counts of first degree sexual offense in violation of N.C. Gen.Stat. § 14-27.4(a)(1). Defendant was fifteen years old when he committed these offenses, for which he was tried as an adult when he was twenty-two. On appeal defendant argues that subjecting him to the mandatory minimum terms of imprisonment applicable to adult offenders was a violation of his rights under the North Carolina Constitution and United States Constitution to due process of law
 
 [1]
 
 and to be free of cruel and unusual punishment, because defendant was a minor when he committed the offenses. Defendant also argues, and the State agrees, that the trial court erroneously sentenced him for conviction of three counts of sexual offense against a child by an adult in violation of N.C. Gen.Stat. § 14-27.4A, when he was actually convicted of three charges of first degree sexual offense in violation of N.C. Gen.Stat. § 14-27.4(a)(1). We conclude that defendant has not shown a violation of his constitutional rights, but remand for a new sentencing hearing and correction of the judgment.
 

 *232
 

 I. Background
 

 In 2005, when defendant was fifteen years old, he lived for several months with a family who had two daughters, R.O. and G.O.
 
 [2]
 
 In 2012, when defendant was twenty-two and G.O. was thirteen, G.O. revealed that defendant had sexually abused her during the time defendant lived with G.O.'s family, when G.O. was six years old. G.O.'s family reported G.O.'s disclosure to the Rowan County District Attorney's Office, and on 16 October 2012, defendant was interviewed by Rowan County Detective Sarah Benfield. After being informed of his
 
 Miranda
 
 rights, defendant gave a statement admitting that during the time defendant lived with G.O.'s family, he performed oral sex on G.O. twice and put his finger in her vagina at least once. Thereafter, juvenile petitions were filed, charging defendant with three first degree sex offenses. On 10 January 2013, an order was entered transferring the charges to Superior Court, and on 11 February 2013, defendant was indicted for three counts of first degree sexual offense against a child in violation of N.C. Gen.Stat. § 14-27.4(a)(1).
 

 *471
 
 On 3 October 2014, defendant filed a motion to dismiss the charges against him on the grounds that prosecution of defendant as an adult for offenses committed when he was fifteen years old violated defendant's rights to due process and to be free of cruel and unusual punishment. The trial court denied defendant's motion at a pretrial hearing.
 

 The charges against defendant were tried at the 5 November 2014 criminal session of Rowan County Superior Court. G.O., who was sixteen years old at the time of trial, testified that when defendant lived with her family in 2005, defendant had performed oral sex on her on several occasions and placed his finger in her vagina on at least one occasion. Detective Benfield testified that in October 2012 she and another law enforcement officer interviewed defendant, and that after defendant was advised of his rights, he gave a statement admitting to the charged offenses. Defendant's statement was introduced into evidence and read to the jury. Defendant did not present evidence.
 

 On 6 November 2014, the jury returned verdicts finding defendant guilty of three counts of first degree sex offense against a child. At a sentencing hearing the trial court determined that defendant was a prior level III offender. Defendant's counsel informed the trial court that defendant was convicted of first degree burglary when he was sixteen years old and had served a prison sentence until the fall of 2012. Defendant earned a G.E.D. degree while in prison and upon his release from custody, defendant obtained employment, fathered a child, and committed no other criminal offenses. Defendant's counsel asked the court to consolidate the offenses for sentencing and to impose a sentence in the mitigated range. The trial court found the existence of two mitigating factors: that defendant had a support system in the community, and that he acknowledged wrongdoing at an early stage of the proceedings. The trial court consolidated the offenses and imposed a sentence in the mitigated range of 202 to 252 months imprisonment. The trial court also ordered that upon defendant's release from prison, he would be subject to lifetime registration as a sex offender and lifetime satellite-based monitoring.
 

 Defendant gave notice of appeal from his convictions in open court. On 8 September 2015, defendant filed a petition for writ of
 
 certiorari
 
 seeking review of the sex offender registration and satellite-based monitoring provisions of defendant's sentence. We granted defendant's motion on 23 September 2015.
 

 *472
 

 II. Sentencing Errors
 

 On appeal defendant argues that the trial court erroneously sentenced him for three counts of commission of sexual offense by an adult against a child in violation of N.C. Gen.Stat. § 14-27.4A, although he was not convicted of this offense, but of first degree sexual offense, a violation of N.C. Gen.Stat. § 14-27.4(a)(1)(2013). A defendant who is convicted of first degree sexual offense is not necessarily subject to lifetime registration as a sex offender, but can petition to discontinue the registration after ten years. In addition, the trial court may not order satellite-based monitoring for conviction
 
 *233
 
 of this offense unless the trial court finds, based upon a risk assessment performed pursuant to N.C. Gen.Stat. § 14-208.40A (2013), that the defendant requires the highest degree of supervision.
 
 State v. Treadway,
 

 208 N.C.App. 286
 
 ,
 
 702 S.E.2d 335
 
 (2010),
 
 disc. review denied,
 

 365 N.C. 195
 
 ,
 
 710 S.E.2d 35
 
 (2011). Defendant and the State agree that this Court should remand this case for a new sentencing hearing. We conclude that the parties are correct and that defendant is entitled to a new sentencing hearing.
 

 III. Mandatory Sentencing Requirements
 

 Because defendant was prosecuted as an adult, he was subject to the statutes governing sentencing of adults. Defendant argues that these mandatory sentencing requirements violated his constitutional rights to due process and to be free of cruel and unusual punishment, on the grounds that the mandatory adult sentencing requirements did not allow the trial court to impose a sentence that took into account his youth and immaturity when he committed these offenses at the age of fifteen. We conclude that defendant has failed to establish a violation of his constitutional rights.
 

 A. Constitutional Principles
 

 "When constitutional rights are implicated, the appropriate standard of review is
 
 de novo.
 
 "
 
 In re Adoption of S.D.W.,
 

 367 N.C. 386
 
 , 391,
 
 758 S.E.2d 374
 
 , 378 (2014) (citation omitted). The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Defendant cites three recent United States Supreme Court cases which addressed the scope of the Eighth Amendment in the context of sentences imposed on defendants who were under eighteen years old when they committed the offenses for which they were sentenced. In these cases the Court considered the characteristics of adolescents and held that it violates the Eighth Amendment to impose the harshest possible sentences-the death penalty, mandatory life in prison without the possibility of parole for
 
 *473
 
 homicide, or life without parole for nonhomicide offenses-upon defendants who were under eighteen when the offenses were committed.
 

 In the first of these cases,
 
 Roper v. Simmons,
 

 543 U.S. 551
 
 , 555-56,
 
 125 S.Ct. 1183
 
 , 1187,
 
 161 L.Ed.2d 1
 
 (2005), the United States Supreme Court addressed the question of "whether it is permissible under the Eighth and Fourteenth Amendments to the Constitution of the United States to execute a juvenile offender who was older than 15 but younger than 18 when he committed a capital crime." The Court concluded that "the death penalty is disproportionate punishment for offenders under 18[.]"
 
 Roper,
 

 543 U.S. at 575
 
 ,
 
 125 S.Ct. at 1198
 
 ,
 
 161 L.Ed.2d at 25
 
 . In reaching this conclusion, the Court considered the "comparative immaturity and irresponsibility of juveniles," the susceptibility of minors to negative influences and peer pressure, and the fact that the "personality traits of juveniles are more transitory."
 
 Roper,
 

 543 U.S. at 569-70
 
 ,
 
 125 S.Ct. at 1195
 
 ,
 
 161 L.Ed.2d at 21-22
 
 .
 
 Roper
 
 thus established a
 
 categorical
 
 bar on the execution of defendants who committed homicide between the ages of fifteen and eighteen, regardless of the specific circumstances of the case.
 

 In the next case,
 
 Graham v. Florida,
 

 560 U.S. 48
 
 , 52-53,
 
 130 S.Ct. 2011
 
 , 2017-18,
 
 176 L.Ed.2d 825
 
 (2010), the Supreme Court considered "whether the Constitution permits a juvenile offender to be sentenced to life in prison without parole for a nonhomicide crime." The Court noted that its previous opinions interpreting the Eighth Amendment fell "within two general classifications. The first involves challenges to the length of term-of-years sentences given all the circumstances in a particular case. The second comprises cases in which the Court implements the proportionality standard by certain categorical restrictions on the death penalty."
 
 Graham,
 

 560 U.S. at 59
 
 ,
 
 130 S.Ct. at 2021
 
 ,
 
 176 L.Ed.2d at 836
 
 .
 
 Graham
 
 represented the first occasion for the Court to contemplate a categorical challenge to a term of years sentence, rather than to the imposition of the death penalty. The Court remarked upon the immaturity of juvenile offenders as well as the severity of a sentence of life without parole, and held "that for a juvenile offender who did not commit homicide the
 
 *234
 
 Eighth Amendment forbids the sentence of life without parole."
 
 Graham,
 

 560 U.S. at 74
 
 ,
 
 130 S.Ct. at 2030
 
 ,
 
 176 L.Ed.2d at 845
 
 .
 

 In the third case,
 
 Miller v. Alabama,
 
 --- U.S. ----, ----,
 
 132 S.Ct. 2455
 
 , 2460,
 
 183 L.Ed.2d 407
 
 , 414-15 (2012), the Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " The Court noted that its "decision does not categorically bar [this] penalty ... [but] mandates only that a sentencer
 
 *474
 
 follow a certain process-considering an offender's youth and attendant characteristics-before imposing" a sentence of life without parole.
 
 Miller,
 
 --- U.S. at ----,
 
 132 S.Ct. at 2471
 
 ,
 
 183 L.Ed.2d at 426
 
 .
 

 B. Statutes Governing Defendant's Sentence
 

 Defendant contends that the statutes on which his sentence was based did not permit the trial court to impose a sentence that included consideration of defendant's youth and immaturity at the time defendant committed these offenses. Accordingly, we review the statutes that governed the sentence imposed on defendant. N.C. Gen.Stat. § 7B-2200 (2013) provides that, after notice, a hearing, and a finding of probable cause, a trial court may "transfer jurisdiction over a juvenile to superior court if the juvenile was 13 years of age or older at the time the juvenile allegedly committed an offense that would be a felony if committed by an adult." In this case, defendant was fifteen years old when he committed these offenses and the trial court transferred jurisdiction to superior court, where defendant was prosecuted as an adult.
 

 Sentencing of adults who are convicted of felony offenses is governed by Article 81B of Chapter 15A of the General Statutes, N.C. Gen.Stat. § 15A-1340.10 (2013)
 
 et seq.
 
 The sentence that a defendant receives under Chapter 81B is the product of several factors, including a defendant's prior criminal record, the offense for which he or she is sentenced, and the factual circumstances of the case. N.C. Gen.Stat. § 15A-1340.14 (2013) provides the criteria for determining a defendant's prior record level, ranging from Level I to Level V. In this case, defendant's prior criminal history made him a Level III for sentencing purposes. In addition, felony offenses are categorized into classes ranging from the most serious, Class A, to the least serious, Class I. Defendant was convicted of three counts of first degree sexual offense in violation of N.C. Gen.Stat. § 14-27.4(a)(1), which is a Class B1 felony, the second most serious class. N.C. Gen.Stat. § 15A-1340.17(c) (2013) specifies the mandatory minimum sentences for specific prior record levels and classes of offenses, and provides that upon conviction of a Class B1 felony by an adult defendant who is a Level III offender, the trial court may not impose a probationary sentence, but must sentence the defendant to a minimum term of imprisonment between 190 and 397 months. The following is a chart of the permissible minimum sentences for a Level III offender who is convicted of a Class B1 felony:
 

 *475
 

 Ranges in Months
 

 Minimum Sentence
 

 Aggravated Range
 

 317-397 months
 

 Presumptive Range
 

 254-317 months
 

 Mitigated Range
 

 190-254 months
 

 The trial court exercises its discretion in determining the appropriate minimum sentence within this range, based upon the jury's determination of the existence of aggravating factors and the trial court's finding of mitigating factors. N.C. Gen.Stat. § 15A-1340.16 (2013) lists more than forty statutory aggravating and mitigating circumstances, and also permits consideration of any other factor reasonably related to the purposes of sentencing. N.C. Gen.Stat. § 15A-1340.16(e)(4) lists as a statutory mitigating factor a finding that "[t]he defendant's age, immaturity, or limited mental capacity at the time of commission of the offense significantly reduced the defendant's culpability for the offense." In addition to consideration of aggravating and mitigating factors, the trial court has discretion to order that multiple sentences be served either concurrently or consecutively. We conclude that although felony sentencing is subject to statutory minimum sentences for a given prior record level and class of offense, the trial court retains
 
 *235
 
 significant discretion to consider the factual circumstances of the case, including the defendant's age, in fashioning an appropriate sentence within the mandatory parameters.
 

 In this case, no aggravating factors were submitted to the jury, and the trial court found the existence of two mitigating factors, that the defendant had a strong support system in the community, and that defendant admitted his guilt at an early stage of the proceedings. Because the trial court found the existence of at least one mitigating factor, it had authority under N.C. Gen.Stat. § 15A-1340.16(b) to impose a minimum sentence in the mitigated range. The trial court imposed a minimum sentence of 202 months, which is close to the lowest permissible sentence in the mitigated range, and which has a corresponding maximum sentence of 252 months. The trial court also ordered that the three sentences be served concurrently. In addition to a term of imprisonment, defendant is also subject to mandatory registration as a sex offender, and to the possibility of satellite-based monitoring if a risk assessment conducted pursuant to N.C. Gen.Stat. § 14-208.40(a)(2) indicates that satellite-based monitoring is necessary.
 

 C. Discussion
 

 We first address the nature of defendant's challenge to the constitutionality of his sentence. Defendant does not contend that the transfer of a juvenile defendant to superior court for prosecution as an adult is always unconstitutional, regardless of the factual circumstances of the
 
 *476
 
 case. Nor does defendant assert that it is categorically unconstitutional for a juvenile offender whose case is transferred to superior court to be subject to mandatory minimum sentences. In this regard we note that a defendant who is a Level I or II offender or who is convicted of a felony in Class I through E may be eligible for a probationary sentence or a term of imprisonment of less than twelve months. Finally, defendant does not argue that the sentencing range for a Level III offender convicted of the Class B1 felony of first degree sexual offense is categorically unconstitutional, regardless of the factual circumstances of the assault, if imposed on a defendant who was fifteen years old at the time he committed the offenses. We conclude that defendant has not brought the type of categorical challenge at issue in cases such as
 
 Roper
 
 and
 
 Graham,
 
 in which the Supreme Court was asked to decide whether a particular punishment could
 
 ever
 
 be imposed upon a defendant who was a juvenile when the offense was committed.
 

 Defendant instead argues that his sentence was unconstitutional because, upon being tried as an adult, he was subject to "serious adult penalties" and mandatory "harsh punishment" that did not allow the trial court to impose a probationary sentence, or to impose a sentence below the statutory minimum, based upon consideration of his youth and immaturity at the time he committed the offenses. Defendant is thus challenging the proportionality of the sentence he received under the mandatory sentencing provisions of Chapter 81B in the context of the fact that he committed these offenses when he was fifteen years old.
 

 "Embodied in the Constitution's ban on cruel and unusual punishments is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.' "
 
 Graham v. Florida,
 

 560 U.S. 48
 
 , 48,
 
 130 S.Ct. 2011
 
 , 2021,
 
 176 L.Ed.2d 825
 
 , 835 (2010) (quoting
 
 Weems v. United States,
 

 217 U.S. 349
 
 , 367,
 
 30 S.Ct. 544
 
 ,
 
 54 L.Ed. 793
 
 (1910) ). In
 
 Graham,
 
 the United States Supreme Court discussed the process by which the Court reviews "challenges to the length of term-of-years sentences given all the circumstances in a particular case."
 
 Graham,
 

 560 U.S. at 59
 
 ,
 
 130 S.Ct. at 2021
 
 ,
 
 176 L.Ed.2d at 836
 
 . The Court explained that when faced with such challenges, "the Court has considered all the circumstances to determine whether the length of a term-of-years sentence is unconstitutionally excessive for a particular defendant's crime."
 

 Id.
 

 The Court explained:
 

 A leading case is
 
 Harmelin v. Michigan,
 

 501 U.S. 957
 
 ,
 
 111 S.Ct. 2680
 
 ,
 
 115 L.Ed.2d 836
 
 (1991).... The controlling opinion in
 
 Harmelin
 
 explained its approach for determining whether a sentence for a term of years is grossly
 
 *477
 
 disproportionate for a particular defendant's crime. A court must begin by comparing the gravity of the offense
 
 *236
 
 and the severity of the sentence. "[I]n the rare case in which [this] threshold comparison ... leads to an inference of gross disproportionality" the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. If this comparative analysis "validate[s] an initial judgment that [the] sentence is grossly disproportionate," the sentence is cruel and unusual.
 

 Id.
 
 at 60,
 
 130 S.Ct. at 2021
 
 ,
 
 176 L.Ed.2d at 836
 
 (quoting
 
 Harmelin,
 

 501 U.S. at 1005
 
 ,
 
 111 S.Ct. 2680
 
 ,
 
 115 L.Ed.2d 836
 
 (opinion of Kennedy, J.)).
 
 Graham
 
 has been followed in North Carolina. For example, in
 
 State v. Whitehead,
 

 365 N.C. 444
 
 , 448,
 
 722 S.E.2d 492
 
 , 496 (2012), our Supreme Court held that "a comparison of the gravity of defendant's offense ... with the severity of his sentence, ... leads to no inference of gross disproportionality" and stated that
 
 Graham
 
 "instruct[ed] that this comparison is a threshold consideration that must be met before comparing a defendant's sentence to the sentences of others for similar offenses."
 

 In this case, defendant has not established that his is one of "the rare case[s] in which [the] threshold comparison ... leads to an inference of gross disproportionality." Defendant contends generally that his constitutional rights were violated by the fact that the trial court could not impose a probationary sentence or a shorter term of imprisonment. Defendant does not, however, argue that the sentence he received of 202 to 254 months was a grossly disproportionate punishment for the commission of three first degree sexual offenses against a young child. Thus, defendant has not advanced an argument that his sentence was unconstitutional under
 
 Graham,
 
 the approach that has been followed in North Carolina, see
 
 State v. Stubbs,
 

 232 N.C.App. 274
 
 ,
 
 754 S.E.2d 174
 
 (2014).
 
 aff'd,
 

 368 N.C. 40
 
 ,
 
 770 S.E.2d 74
 
 (2015). We also note that the trial court exercised its discretion to consolidate the offenses and to sentence defendant in the mitigated range, but chose
 
 not
 
 to find the mitigating factor in N.C. Gen.Stat. § 15A-1340.16(e)(4), that "[t]he defendant's age, immaturity, or limited mental capacity at the time of commission of the offense significantly reduced the defendant's culpability for the offense." We conclude that defendant has failed to establish that his sentence of 202 to 254 months for three counts of sexual offense against a six year old child was so grossly disproportionate as to violate the Eighth Amendment to the United States Constitution. We further conclude that
 
 *478
 
 defendant was erroneously sentenced for the wrong offense and accordingly remand the case for resentencing.
 

 NO ERROR IN PART, REVERSED AND REMANDED IN PART.
 

 Judges CALABRIA and ELMORE concur.
 

 [1]
 

 Defendant asserts generally that the application of adult sentencing requirements to him violated his right to due process. Defendant has not, however, advanced any argument addressing the issue of due process, and instead focuses his appellate arguments on issues pertaining to his rights under the Eighth Amendment.
 

 [2]
 

 To protect the privacy of the minor, we refer to her by the initials G.O.