IN THE SUPREME COURT OF NORTH CAROLINA

No. 568A03-2

FILED 10 April 2015

STATE OF NORTH CAROLINA

v.

LARRY STUBBS


Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 754 S.E.2d 174 (2014), reversing and remanding an order granting defendant's motion for appropriate relief entered on 5 December 2012 by Judge Gregory A. Weeks in Superior Court, Cumberland County. Heard in the Supreme Court on 13 January 2015.

> *Roy Cooper, Attorney General, by Daniel P. O'Brien, Special Deputy Attorney General, for the State.*
>
> *Sarah Jessica Farber for defendant-appellant.*


HUDSON, Justice.

In this case we are tasked with determining if the Court of Appeals has subject matter jurisdiction to review the State's appeal from a trial court's ruling on a motion for appropriate relief ("MAR") when the defendant has been granted relief in the trial court. We hold that it does.

In 1973 defendant pleaded guilty to second-degree burglary and assault with intent to commit rape. On the second-degree burglary charge, the trial court

sentenced defendant to imprisonment for "his natural life." In 2011 defendant filed a *pro se* MAR in the Superior Court in Cumberland County asking the trial court to set aside his sentence on the burglary charge as cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution. Defendant argued that because of "significant changes" in the sentencing laws, his sentence should now be considered grossly disproportionate.[1] The trial court ordered a hearing and appointed counsel for defendant. After the hearing, the trial court entered an order granting defendant's motion for appropriate relief, vacating the 1973 judgment in the second-degree burglary case, and resentencing defendant to a term of thirty years. Giving credit for time served, the trial court ordered that defendant be immediately released. The State filed a petition for writ of certiorari to review the trial court's order, and by an order dated 13 December 2012, the Court of Appeals allowed the petition, thereby agreeing to hear the case.

After hearing the matter, a panel of the Court of Appeals agreed with the State, ultimately reversing the trial court's order and remanding to the trial court for reinstatement of the original 1973 judgment and commitment. ___ N.C. App. ___, ___, 754 S.E.2d 174, 182 (2014). Procedurally, the Court of Appeals tackled two challenging questions, resulting in a lead opinion, a concurring opinion, and a

---

[1] Under the new Structured Sentencing Act, N.C.G.S. §§ 15A-1340.10 to -1340.23, effective 1 October 1994, defendant would have been sentenced to a maximum of thirty-one and forty-seven months of imprisonment.

dissenting opinion. First, the panel hearing the case considered whether it was bound by the decision of a prior petition panel (which allowed certiorari) that the Court of Appeals had subject matter jurisdiction over the appeal. *Id.* at ___, 754 S.E.2d at 177 n.2. The lead opinion concluded that the panel was bound by that prior determination, citing to *N.C.N.B. v. Virginia Carolina Builders*, 307 N.C. 563, 567, 299 S.E.2d 629, 631-32 (1983) ("[O]nce a panel of the Court of Appeals has decided a question in a given case that decision becomes the law of the case and governs other panels which may thereafter consider the case. Further, since the power of one panel of the Court of Appeals is equal to and coordinate with that of another, a succeeding panel of that court has no power to review the decision of another panel on the same question in the same case. Thus the second panel in the instant case had no authority to exercise its discretion [against] reviewing the trial court's order when a preceding panel had earlier decided to the contrary." (first alteration in original)). *Id.* at ___, 754 S.E.2d at 177 n.2. The concurring and dissenting opinions disagreed with the lead opinion on that point, believing that each panel of the Court of Appeals has the authority and ability to address subject matter jurisdiction anew. *Id.* at ___, 754 S.E.2d at 182-88. Second, the Court of Appeals addressed whether it had subject matter jurisdiction to review the State's appeal from a trial court's decision on a defendant's MAR when the defendant prevailed in the trial court. The lead opinion was silent on the matter (believing the panel bound by the prior petition panel's determination), *id.* at ___, 754 S.E.2d at 177 n.2; the concurring opinion believed that

the court did have jurisdiction, *id.* at ___, 754 S.E.2d at 183; and the dissent would have held that the court did not have subject matter jurisdiction over such an appeal, *id.* at ___, 754 S.E.2d at 185. Defendant filed a notice of appeal based on the dissenting opinion, which addressed only the issue of subject matter jurisdiction.

The jurisdiction of the Court of Appeals is established in the North Carolina Constitution: "The Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe." N.C. Const. art. IV, § 12(2). Following such direction, the General Assembly has stated that the Court of Appeals "has jurisdiction . . . to issue the prerogative writs, including mandamus, prohibition, certiorari, and supersedeas, in aid of its own jurisdiction, or to supervise and control the proceedings of any of the trial courts of the General Court of Justice." N.C.G.S. § 7A-32(c) (2014). More specifically, and also relevant here, the General Assembly has specified when appeals relating to MARs may be taken:

> (c) The court's ruling on a motion for appropriate relief pursuant to G.S. 15A-1415 is subject to review:
>
> > (1) If the time for appeal from the conviction has not expired, by appeal.
> >
> > (2) If an appeal is pending when the ruling is entered, in that appeal.
> >
> > (3) If the time for appeal has expired and no appeal is pending, by writ of certiorari.

*Id.* § 15A-1422(c) (2014). Here, given the timing, appeal of the MAR would fall under subdivision (c)(3): by writ of certiorari. Notably, subsection 15A-1422(c) does not

distinguish between an MAR when the State prevails below and an MAR under which

the defendant prevails. Accordingly, given that our state constitution authorizes the

General Assembly to define the jurisdiction of the Court of Appeals, and given that

the General Assembly has given that court broad powers "to supervise and control

the proceedings of any of the trial courts of the General Court of Justice," *id*. § 7A-

32(c), and given that the General Assembly has placed no limiting language in

subsection 15A-1422(c) regarding which party may appeal a ruling on an MAR, we

hold that the Court of Appeals has jurisdiction to hear an appeal by the State of an

MAR when the defendant has won relief from the trial court.

As noted by the parties and the Court of Appeals, the Rules of Appellate

Procedure are also in play here. *See id.* ("The practice and procedure shall be as

provided by statute or rule of the Supreme Court, or, in the absence of statute or rule,

according to the practice and procedure of the common law."). Appellate Rule 21

states in relevant part:

> *Review of the Judgments and Orders of Trial Tribunals.*
> The writ of certiorari may be issued in appropriate
> circumstances by either appellate court to permit review of
> the judgments and orders of trial tribunals when the right
> to prosecute an appeal has been lost by failure to take
> timely action, or when no right of appeal from an
> interlocutory order exists, or for review pursuant to
> N.C.G.S. § 15A-1422(c)(3) of an order of the trial court
> *denying* a motion for appropriate relief.

N.C. R. App. P. 21(a)(1) (second emphasis added). Defendant argues that because of

this Rule, the State may not appeal an order of a trial court *granting* a motion for

appropriate relief. We disagree. As stated plainly in Rule 1 of the Rules of Appellate Procedure, "[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of the appellate division as that is established by law." *Id.* at R. 1(c). Therefore, while Rule 21 might appear at first glance to limit the jurisdiction of the Court of Appeals, the Rules cannot take away jurisdiction given to that court by the General Assembly in accordance with the North Carolina Constitution.

As for whether a second panel of the Court of Appeals can revisit a determination of subject matter jurisdiction after a previous panel has already done so, we simply note that here, both panels did have subject matter jurisdiction.

Accordingly, the decision of the Court of Appeals is affirmed.


AFFIRMED.


Justice BEASLEY and Justice ERVIN did not participate in the consideration or decision of this case.