IN THE SUPREME COURT OF NORTH CAROLINA

No. 308A15

Filed 19 August 2016

STATE OF NORTH CAROLINA

v.

ZACHARY DAVID THOMSEN

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 776 S.E.2d 41 (2015), vacating an order granting appropriate relief and judgments entered on 13 December 2013 by Judge James M. Webb in Superior Court, Moore County, and remanding for a new sentencing hearing. Heard in the Supreme Court on 22 March 2016.

*Roy Cooper, Attorney General, by Anne M. Middleton, Assistant Attorney General, for the State.*

*Bruce T. Cunningham, Jr. for defendant-appellant.*

MARTIN, Chief Justice.

Defendant Zachary David Thomsen pleaded guilty to rape of a child by an adult offender and to sexual offense with a child by an adult offender, both felonies with mandatory minimum sentences of 300 months. *See* N.C.G.S. §§ 14-27.2A, -27.4A (2013). Pursuant to a plea arrangement, the trial court consolidated the convictions for judgment and imposed a single active sentence of 300 to 420 months. After imposing the sentence, the court immediately granted its own motion for appropriate

relief and vacated the judgment and sentence. It concluded that, as applied to defendant, the mandatory sentence violated the Eighth Amendment to the United States Constitution. The court then sentenced defendant to 144 to 233 months, pursuant to the Structured Sentencing Act. *See id.* § 15A-1340.17(c), (f) (2015).

The State did not file a notice of appeal. Instead, it petitioned the Court of Appeals for a writ of certiorari to review the trial court's order granting defendant appropriate relief. Defendant filed a response arguing that the Court of Appeals had already decided in *State v. Starkey*, 177 N.C. App. 264, 628 S.E.2d 424, *cert. denied*, 636 S.E.2d 196 (2006), that it lacked subject-matter jurisdiction to review a trial court's sua sponte grant of appropriate relief, either by the State's appeal or by writ of certiorari. The Court of Appeals allowed the State's petition and issued the writ. In his merits brief before that court, defendant again argued that the court lacked jurisdiction. The State responded that, by issuing the writ, the court had already ruled that it had jurisdiction, and that it would violate the law of the case doctrine articulated in *North Carolina National Bank v. Virginia Carolina Builders*, 307 N.C. 563, 299 S.E.2d 629 (1983), if another Court of Appeals panel overruled that decision.

In a divided opinion, the Court of Appeals agreed with the State. *See State v. Thomsen*, ___ N.C. App. ___, ___, 776 S.E.2d 41, 48 (2015). The court held that it was bound by the petition panel's decision on jurisdiction and could not address it anew. *Id.* Addressing the merits, the court held that defendant's original sentence of 300 to 420 months did not violate the Eighth Amendment. *Id.* at ___, 776 S.E.2d at 50. The

court then vacated defendant's sentence and the trial court's order granting appropriate relief, and remanded the case for a new sentencing hearing. *Id.* A dissenting opinion maintained that the opinion panel was not bound by the petition panel's decision on jurisdiction, and that the Court of Appeals did not have jurisdiction to issue the writ of certiorari that the State sought. *See generally id.* at ___, 776 S.E.2d at 50-55 (McGee, C.J., dissenting). Defendant appealed to this Court on the basis of the dissenting opinion.

We therefore must address whether the Court of Appeals has subject-matter jurisdiction to review, pursuant to the State's petition for writ of certiorari, a trial court's grant of its own motion for appropriate relief. "We review issues relating to subject matter jurisdiction de novo." *State v. Oates*, 366 N.C. 264, 266, 732 S.E.2d 571, 573 (2012).

The North Carolina Constitution provides that "[t]he Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe." N.C. Const. art. IV, § 12(2). The General Assembly has exercised this constitutional authority in N.C.G.S. § 7A-32(c) by giving the Court of Appeals "jurisdiction . . . to issue the prerogative writs, including . . . certiorari, . . . to supervise and control the proceedings of any of the trial courts of the General Court of Justice." N.C.G.S. § 7A-32(c) (2015). This statute empowers the Court of Appeals to review trial court rulings on motions for appropriate relief by writ of certiorari unless some other statute restricts the jurisdiction that subsection 7A-32(c) grants. *See State v. Stubbs*, 368

N.C. 40, 42-43, 770 S.E.2d 74, 76 (2015). In other words, because the state constitution gives the General Assembly the power to define the jurisdiction of the Court of Appeals, only the General Assembly can take away the jurisdiction that it has conferred. Subsection 7A-32(c) thus creates a default rule that the Court of Appeals has jurisdiction to review a lower court judgment by writ of certiorari. The default rule will control unless a more specific statute restricts jurisdiction in the particular class of cases at issue.

In *State v. Stubbs*, we addressed whether the Court of Appeals has jurisdiction to review a trial court's grant of a defendant's motion for appropriate relief by writ of certiorari. *Id.* at 41, 770 S.E.2d at 75. The State filed a petition for writ of certiorari in the Court of Appeals, seeking review of the trial court's grant of appropriate relief for which the defendant had moved under N.C.G.S. § 15A-1415. *Id.* at 41-43, 770 S.E.2d at 75-76. We noted that another statute, N.C.G.S. § 15A-1422(c), specifically addresses review of trial court rulings on section 15A-1415 motions for appropriate relief. *Id.* at 42-43, 770 S.E.2d at 76. But subsection 15A-1422(c), we concluded, contains no "limiting language . . . regarding which party may appeal a ruling" on a motion for appropriate relief that would alter the "broad powers" of review by certiorari that subsection 7A-32(c) grants. *Id.* at 43, 770 S.E.2d at 76. Importantly, we were not concerned with whether subsection 15A-1422(c) provided an independent source of jurisdiction for the Court of Appeals to issue the writ. *See id.* Rather, we focused on the *absence* of language in subsection 15A-1422(c) that would *limit* the

court's review. *See id.* Finding none, we held that the Court of Appeals had jurisdiction to issue the writ. *Id.*

The sole relevant difference between *Stubbs* and this case is that the trial court here granted appropriate relief on its own motion rather than on defendant's. *See Thomsen*, ___ N.C. App. at ___, 776 S.E.2d at 43. A defendant may move for appropriate relief under subsection 15A-1415(b)(4) if he "was convicted or sentenced under a statute that was in violation of the Constitution of the United States or the Constitution of North Carolina." N.C.G.S. § 15A-1415(b)(4) (2015). We recognized in *Stubbs* that the State can seek review by certiorari from a "ruling on a motion for appropriate relief pursuant to G.S. 15A-1415." *Stubbs*, 368 N.C. at 43, 770 S.E.2d at 76 (quoting N.C.G.S. § 15A-1422(c) (2015)). N.C.G.S. § 15A-1420(d), in turn, provides that "[a]t any time that a defendant would be entitled to relief by motion for appropriate relief, the court may grant such relief upon its own motion." N.C.G.S. § 15A-1420(d) (2015). But section 15A-1422 does not mention review of relief granted "pursuant to" subsection 1420(d). So the parties disagree on whether the trial court's sua sponte motion was "pursuant to" subsection 15A-1415(b) or "pursuant to" subsection 15A-1420(d), as both were necessary here to give the trial court the authority to grant relief on its own motion.

We ultimately do not need to decide this question because, in either case, the Court of Appeals would have jurisdiction to issue the writ. If the trial court made its motion "pursuant to" subsection 15A-1415(b), then the holding in *Stubbs* directly

controls. But even if the trial court made its motion "pursuant to" subsection 15A-1420(d), the Court of Appeals still has jurisdiction because nothing in the Criminal Procedure Act, or any other statute that defendant has referenced, revokes the jurisdiction in this specific context that subsection 7A-32(c) confers more generally.

Section 15A-1422 includes a number of provisions that address appellate review of rulings on motions for appropriate relief, but makes no mention of subsection 15A-1420(d) or sua sponte motions. In defendant's view, this means that the Court of Appeals lacks jurisdiction to review sua sponte grants of relief. But, as discussed above, just the opposite is true. The absence of "limiting language," *Stubbs*, 368 N.C. at 43, 770 S.E.2d at 76, regarding review of sua sponte motions means that the jurisdiction prescribed by subsection 7A-32(c) remains unchanged. We therefore hold that the Court of Appeals had subject-matter jurisdiction to issue a writ of certiorari in this case.

The presence of provisions in section 15A-1422 that limit the Court of Appeals' jurisdiction to review motions for appropriate relief in *other* contexts confirms that the General Assembly knows how to restrict that court's jurisdiction when it elects to do so. For example, subsection (b) states that "[t]he grant or denial of relief sought pursuant to G.S. 15A-1414 is subject to appellate review *only* in an appeal regularly taken." N.C.G.S. § 15A-1422(b) (2015) (emphasis added). Subsection (d) states that "[t]here is *no right to appeal* from the denial of a motion for appropriate relief when the movant is entitled to a trial de novo upon appeal." *Id.* § 15A-1422(d) (2015)

(emphasis added). And subsection (f) attempts to limit the jurisdiction of *this* Court, stating that "[d]ecisions of the Court of Appeals on motions for appropriate relief that embrace matter set forth in G.S. 15A-1415(b) are final and not subject to further review by appeal, certification, writ, motion, or otherwise." *Id.* § 15A-1422(f) (2015), *invalidated in part as stated in State v. Blackwell*, 359 N.C. 814, 618 S.E.2d 213 (2005), *vacated in part on other grounds by State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied*, 550 U.S. 948 (2007). In contrast, the conspicuous absence of any mention in section 15A-1422 of either subsection 15A-1420(d) or sua sponte motions compels the conclusion that the Court of Appeals lawfully issued the writ of certiorari in this case.

Finally, defendant argues that the Court of Appeals was not authorized by Rule 21 of the North Carolina Rules of Appellate Procedure to issue the writ of certiorari in this case. But, as we explained in *Stubbs*, if a valid statute gives the Court of Appeals jurisdiction to issue a writ of certiorari, Rule 21 cannot take it away. *Stubbs*, 368 N.C. at 43-44, 770 S.E.2d at 76 (quoting N.C. R. App. P. 1(c) ("These rules shall not be construed to extend or limit the jurisdiction of the courts of the appellate division as that is established by law.")). To the extent that *State v. Starkey* holds otherwise, it is overruled.

The parties have briefed a second issue—namely, whether the decision by the Court of Appeals petition panel to issue the writ constituted a ruling on jurisdiction that bound the subsequent opinion panel. Because we have addressed the underlying

subject-matter jurisdiction question de novo, however, this additional issue is now moot. We also express no opinion on whether the State had a right pursuant to N.C.G.S. § 15A-1445(a)(3)(c) to appeal the trial court's grant of appropriate relief. In a footnote in its brief before the Court of Appeals, the State argued that it did, but it has abandoned that argument in this Court. In any event, the Court of Appeals had jurisdiction to issue the writ of certiorari that the State sought. We therefore affirm the decision of the Court of Appeals.

AFFIRMED.