IN THE SUPREME COURT OF NORTH CAROLINA

No. 402PA15-2

Filed 8 June 2018

STATE OF NORTH CAROLINA

v.

DONNA HELMS LEDBETTER

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 794 S.E.2d 551 (2016) (per curiam), denying defendant's petition for writ of certiorari to review an order entered on 20 October 2014 by Judge C.W. Bragg and dismissing defendant's appeal from a judgment entered on 27 October 2014 by Judge Jeffrey P. Hunt, both in Superior Court, Rowan County. Heard in the Supreme Court on 17 April 2018.

*Joshua H. Stein, Attorney General, by Christopher W. Brooks, Special Deputy Attorney General, for the State.*

*Meghan Adelle Jones for defendant-appellant.*

BEASLEY, Justice.

In this case we consider whether the absence of a procedural rule limits the Court of Appeals' discretionary authority to issue a writ of certiorari. In denying defendant's petition for writ of certiorari, the Court of Appeals held that although it had jurisdiction to issue the writ, it lacked a procedural mechanism under Rule 21 of the North Carolina Rules of Appellate Procedure to do so without further exercising

its discretion to invoke Rule 2 to suspend the Rules. *See State v. Ledbetter*, ___ N.C. App. ___, ___, 794 S.E.2d 551, 555 (2016) (per curiam); *see also* N.C. Rs. App. P. 2, 21. Because we conclude that the absence of a procedural rule limits neither the Court of Appeals' jurisdiction nor its discretionary authority to issue writs of certiorari, we reverse the decision of the Court of Appeals and remand this case for further proceedings.

On 1 January 2013, defendant was charged with driving while impaired. Defendant filed a motion to dismiss the charge on 23 December 2013, arguing that the State violated N.C.G.S. § 20-38.4 (setting forth procedures for magistrates to follow when the arrestee appears to be impaired during the initial appearance) and *State v. Knoll*, 322 N.C. 535, 545-48, 369 S.E.2d 558, 564-66 (1988) (holding that a charge of driving while impaired is subject to dismissal when the defendant was prejudiced by the magistrate's failure to inform the defendant of certain statutory rights). The trial court denied defendant's motion on 20 October 2014.

Following the trial court's denial of her motion, on 27 October 2014, defendant pleaded guilty to driving while impaired.[1] The plea arrangement stated that "[defendant] expressly retains the right to appeal [t]he [c]ourt's denial of her motion to dismiss/suppress her Driving While Impaired charge in this case." Defendant gave

---

[1] In addition to the charge of driving while impaired, the State charged defendant with simple possession of both a Schedule II and a Schedule IV controlled substance; however, the two possession charges were dismissed pursuant to the plea arrangement.

notice of appeal and petitioned the Court of Appeals for review by writ of certiorari under N.C.G.S. § 15A-1444(e). The Court of Appeals dismissed the appeal and denied the certiorari petition, holding that defendant did not have a statutory right to appeal from the trial court's denial of her motion to dismiss prior to her guilty plea and that the petition did not assert grounds included in or permitted by Rule 21. *See State v. Ledbetter*, 243 N.C. App. 746, 757, 779 S.E.2d 164, 171 (2015). On 22 September 2016, this Court remanded the case to the Court of Appeals for reconsideration in light of the Court's recent decisions in *State v. Stubbs*, 368 N.C. 40, 770 S.E.2d 74 (2015), and *State v. Thomsen*, 369 N.C. 22, 789 S.E.2d 639 (2016). *State v. Ledbetter*, 369 N.C. 64, 64, 793 S.E.2d 216, 216-17 (2016) (per curiam order).

Upon reconsideration, the same panel of the Court of Appeals issued a unanimous opinion that again denied defendant's petition for writ of certiorari and dismissed her appeal. *See Ledbetter*, ___ N.C. App. at ___, 794 S.E.2d at 555. The Court of Appeals held that

> [a]fter further consideration and review of both *Thomsen* and *Stubbs*, and under the jurisdictional authority provided by N.C. Gen. Stat. § 15A-1444(e), [d]efendant's petition for writ of certiorari to review her motion to dismiss, prior to entry of her guilty plea, does not assert any of the procedural grounds set forth in Rule 21 to issue the writ. Although the statute provides jurisdiction, this Court is without a procedural process under either Rule 1 or 21 to issue the discretionary writ under these facts, other than by invoking Rule 2.

*Id.* at \_\_\_, 794 S.E.2d at 555. The court further declined to invoke Rule 2 to suspend the requirements of the rules to issue the writ of certiorari. *Id.* at \_\_\_, 794 S.E.2d at 555.

The North Carolina Constitution states that "[t]he Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe." N.C. Const. art. IV, § 12(2). The General Assembly has exercised this constitutional authority by giving the Court of Appeals "jurisdiction . . . to issue the prerogative writs, including mandamus, prohibition, certiorari, and supersedeas, in aid of its own jurisdiction, or to supervise and control the proceedings of any of the trial courts of the General Court of Justice." N.C.G.S. § 7A-32(c) (2017). "This statute empowers the Court of Appeals to review trial court rulings . . . by writ of certiorari unless some other statute restricts the jurisdiction that subsection 7A-32(c) grants." *Thomsen*, 369 N.C. at 25, 789 S.E.2d at 641 (citing *Stubbs*, 368 N.C. at 42-43, 770 S.E.2d at 76). Therefore, "[s]ubsection 7A-32(c) . . . creates a default rule that the Court of Appeals has jurisdiction to review a lower court judgment by writ of certiorari. The default rule will control unless a more specific statute restricts jurisdiction in the particular class of cases at issue." *Id.* at 25, 789 S.E.2d at 642.

In *State v. Stubbs* we addressed whether the Court of Appeals has jurisdiction to review a trial court's grant of a defendant's motion for appropriate relief by writ of certiorari. *See* 368 N.C. at 41, 770 S.E.2d at 75. We noted that a separate statute,

N.C.G.S. § 15A-1422(c), specifically addresses review of trial court rulings on motions for appropriate relief under section 15A-1415. *Id.* at 42-43, 770 S.E.2d at 76. In *Stubbs* "we were not concerned with whether subsection 15A-1422(c) provided an independent source of jurisdiction for the Court of Appeals to issue the writ. Rather, we focused on the *absence* of language in subsection 15A-1422(c) that would *limit* the court's review." *Thomsen*, 369 N.C. at 25, 789 S.E.2d at 642 (citing *Stubbs*, 368 N.C. at 43, 770 S.E.2d at 76) (citations omitted). Finding no limiting language, we held that the Court of Appeals had jurisdiction to issue the writ. *Id.* at 25, 789 S.E.2d at 642 (citing *Stubbs*, 368 N.C. at 43, 770 S.E.2d at 76).

In *State v. Thomsen* the sole difference from *Stubbs* was that the trial court granted appropriate relief on its own motion pursuant to N.C.G.S. § 15A-1420(d), rather than on defendant's motion pursuant to N.C.G.S. § 15A-1415. *Compare Thomsen*, 369 N.C. at 25, 789 S.E.2d at 642, *with Stubbs*, 368 N.C. at 41, 770 S.E.2d at 75. N.C.G.S. § 15A-1422(c) does not mention review of relief granted "pursuant to" subsection 15A-1420(d); therefore, the parties disagreed on whether the *sua sponte* grant of relief was "pursuant to" subsection 15A-1415(b) or subsection 15A-1420(d). *See Thomsen*, 369 N.C. at 26, 789 S.E.2d at 642. We held that the answer to this question did not matter, and that the Court of Appeals had jurisdiction in either event "because nothing in the Criminal Procedure Act, or any other statute that defendant has referenced, revokes the jurisdiction in this specific context that subsection 7A-32(c) confers more generally." *Id.* at 26, 789 S.E.2d at 642. Therefore, the Court of

Appeals maintains broad jurisdiction to issue writs of certiorari unless a more specific statute revokes or limits that jurisdiction.

Although *Stubbs* and *Thomsen* concerned reviews of motions for appropriate relief, the same statutory analysis applies in this case. With respect to guilty pleas, subsection 15A-1444(e) states that

> [e]xcept as provided in subsections (a1) and (a2) of this section and [N.C.]G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.

N.C.G.S. § 15A-1444(e) (2017). Here, given that none of the other listed exceptions apply, defendant's only method for appeal was by petition for writ of certiorari. *See id.* Subsection 15A-1444(e) specifically addresses review of a defendant's guilty plea through issuance of a writ of certiorari and contains no language limiting the Court of Appeals' jurisdiction or discretionary authority. Therefore, the Court of Appeals correctly acknowledged that it had jurisdiction to issue the writ; however, the court mistakenly concluded that the absence of a specific "procedural process" in the Rules of Appellate Procedure left the court without authority to invoke that jurisdiction.[2]

---

[2] We note that a separate, unanimous panel of the Court of Appeals correctly followed *Stubbs* to exercise its discretion to grant a defendant's petition for writ of certiorari in essentially identical procedural circumstances. *See State v. Jones*, ___ N.C. App. ___, ___, ___, 802 S.E.2d 518, 520-23, 526 (2017) (holding that the Court of Appeals had jurisdiction and discretionary authority to grant the defendant's petition for writ of certiorari to review a

The Court of Appeals held that because defendant's petition for writ of certiorari to review her motion to dismiss did not assert any of the procedural grounds set forth in Rule 21, the court was "without a procedural process" to issue the writ other than by invoking Rule 2. *See Ledbetter*, ___ N.C. App. at ___, 794 S.E.2d at 555. Rule 21 states, in relevant part, that

> [t]he writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief.

N.C. R. App. P. 21(a)(1). Regardless of whether Rule 21 contemplates review of defendant's motion to dismiss, this Court made it clear in both *Stubbs* and *Thomsen* that "if a valid statute gives the Court of Appeals jurisdiction to issue a writ of certiorari, Rule 21 cannot take it away." *Thomsen*, 369 N.C. at 27, 789 S.E.2d at 643 (citing *Stubbs*, 368 N.C. at 43-44, 770 S.E.2d at 76); *see also* N.C. R. App. P. 1(c) ("These rules shall not be construed to extend or limit the jurisdiction of the courts of the appellate division as that is established by law.").

By concluding it is procedurally barred from exercising its discretionary authority to assert jurisdiction in this appeal, the Court of Appeals has, as a practical

---

judgment entered upon his plea of guilty, even though Rule 21 did not include the particular circumstance among its enumerated bases for issuance of the writ).

matter, set its own limitations on its jurisdiction to issue writs of certiorari. "The practice and procedure [of issuing the prerogative writs] shall be as provided by statute or rule of the Supreme Court, or, *in the absence of statute or rule*, according to the practice and procedure of the common law." N.C.G.S. § 7A-32(c) (emphasis added). Therefore, in the absence of a procedural rule explicitly allowing review, such as here, the Court of Appeals should turn to the common law to aid in exercising its discretion rather than automatically denying the petition for writ of certiorari or requiring that the heightened standard set out in Rule 2 be satisfied.[3]

Accordingly, the Court of Appeals had both the jurisdiction and the discretionary authority to issue defendant's writ of certiorari. Absent specific

---

[3] *See, e.g.*, *Surratt v. State*, 276 N.C. 725, 726, 174 S.E.2d 524, 525 (1970) (per curiam) (stating that a particular judgment was "reviewable only by way of *certiorari* if the court *in its discretion* chooses to grant such writ" (second italics added) (first citing *State v. Lewis*, 274 N.C. 438, 164 S.E.2d 177 (1968); then citing *In re Croom*, 175 N.C. 455, 95 S.E. 903 (1918); and then citing 4 Strong's North Carolina Index 2d: *Habeas Corpus* § 4, at 149-50 (1968))); *State v. Walker*, 245 N.C. 658, 659, 97 S.E.2d 219, 220 (1957) (stating that a writ of certiorari "may be allowed by the Court *in its discretion*, on sufficient showing made, but such writ is not one to which the moving party is entitled as a matter of right" (emphasis added)), cert. denied, 356 U.S. 946 (1958); *Womble v. Moncure Mill & Gin Co.*, 194 N.C. 577, 579, 140 S.E. 230, 231 (1927) ("*Certiorari* is a *discretionary* writ, to be issued only for good or sufficient cause shown . . . ." (second italics added) (first citing *Waller v. Dudley*, 193 N.C. 354, 137 S.E. 149 (1927); then citing *People's Bank & Tr. v. Parks*, 191 N.C. 263, 131 S.E. 637 (1926); then citing *Finch v. Comm'rs of Nash Cty.*, 190 N.C. 154, 129 S.E. 195 (1925); and then citing *State v. Farmer*, 188 N.C. 243, 124 S.E. 562 (1924))); *Luther v. Seawell*, 191 N.C. App 139, 142, 662 S.E.2d 1, 3 (2008) (stating that the Court of Appeals has "the authority . . . to 'treat the purported appeal as a petition for writ of certiorari' and grant it *in* [*its*] *discretion*" (emphasis added) (quoting *State v. SanMiguel*, 74 N.C. App. 276, 277-78, 328 S.E.2d 326, 328 (1985); and then citing *Guthrie v. Conroy*, 152 N.C. App. 15, 19, 567 S.E.2d 403, 407 (2002))).

statutory language limiting the Court of Appeals' jurisdiction, the court maintains its jurisdiction and discretionary authority to issue the prerogative writs, including certiorari. Rule 21 does not prevent the Court of Appeals from issuing writs of certiorari or have any bearing upon the decision as to whether a writ of certiorari should be issued. Therefore, the Court of Appeals should exercise its discretion to determine whether it should grant or deny defendant's petition for writ of certiorari. The decision of the Court of Appeals is reversed, and this case is remanded to that court for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.