IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-80

No. 379PA18-2

Filed 17 June 2022

STATE OF NORTH CAROLINA

v.

VAN BUREN KILLETTE, SR.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 268 N.C. App. 254 (2019), dismissing defendant's appeal and denying defendant's petition for writ of certiorari after remand by this Court after appeal from a judgment entered on 6 July 2017 by Judge Thomas H. Lock in Superior Court, Johnston County. Heard in the Supreme Court on 11 May 2022.

*Joshua H. Stein, Attorney General, by Nicholas R. Sanders, Assistant Attorney General, for the State-appellee.*

*Glenn Gerding, Appellate Defender, by Katy Dickinson-Schultz, Assistant Appellate Defender, for defendant-appellant.*

HUDSON, Justice.

Defendant petitioned this Court for review of a unanimous decision of the Court of Appeals. Upon review, we vacate and remand to the Court of Appeals.

## I. Background

In August and September of 2014, the Johnston County Sheriff's Office received anonymous tips by phone that Van Buren Killette Sr. (defendant) was

manufacturing and selling methamphetamine in his home, as well as receiving stolen property. After learning that defendant was on probation at the time, Detective C.J. House and Detective Jay Creech of the Johnston County Sheriff's Office contacted Officer Ashley McRae, defendant's probation officer. Officer McRae agreed to conduct a search of defendant's home.

¶ 3        On 30 September 2014, after arriving at defendant's home, Officer McRae asked defendant for permission to conduct a search. Defendant consented to the search. The search uncovered stolen property and items frequently used to manufacture methamphetamine. Defendant was subsequently indicted for breaking or entering, larceny, manufacturing methamphetamine, possession of methamphetamine precursors, possession of methamphetamine, maintaining a dwelling for the purpose of keeping and selling a controlled substance, and conspiring to manufacture methamphetamine.

¶ 4        On 18 June 2015, Department of Social Services Agent M. Williams and detectives from the Johnston County Sheriff's Office were investigating an unrelated drug complaint. However, the subject of that separate investigation informed the officers that she frequently provided defendant with pseudoephedrine in exchange for methamphetamine. Because Agent Williams had reason to believe that children might be present and at risk in defendant's home, officers visited defendant's home that same night. Upon arriving, they observed several individuals fleeing defendant's

home and running towards the woods. Believing that they could smell methamphetamine in defendant's home, the officers conducted a "safety sweep" of the home and quickly identified equipment and ingredients used to manufacture methamphetamine. The next day, 19 June 2015, Detective Jason Guseman of the Johnston County Sheriff's Office applied for, received, and executed a search warrant. Officers seized methamphetamine, precursor chemicals, manufacturing equipment, and other evidence from defendant's home. Defendant was charged with manufacturing methamphetamine, possession of precursor chemicals, conspiracy to manufacture methamphetamine, resisting a public officer, and trafficking in methamphetamine.

¶ 5    On 29 March 2017, defendant filed two motions to suppress the evidence obtained via the 2014 and the 2015 searches. The motion to suppress the 2014 evidence was heard on 3 May 2017. A written order denying the motion to suppress was entered by Judge Thomas H. Lock on 7 July 2017. The motion to suppress the 2015 evidence was denied on 18 May 2017, and a written order to that effect was entered by Judge Beecher Gray on 7 June 2017.

¶ 6    On 6 July 2017, defendant pled guilty to two counts of manufacturing methamphetamine. The charges were consolidated and defendant received an active sentence of 120 to 156 months. In exchange for defendant's plea, the State dismissed the remaining charges.

¶ 7        On 10 July 2017, defendant filed a handwritten notice of appeal. On appeal, defendant only challenged the denial of his motion to suppress evidence obtained during the 2014 search. Because defendant failed to notify the State of his intent to appeal prior to the entry of his plea agreement, defendant also petitioned for a writ of certiorari in an attempt to secure review of the trial court's order regarding the evidence from the 2014 search.

¶ 8        On 2 October 2018, the Court of Appeals dismissed defendant's appeal and denied his petition for a writ of certiorari. *State v. Killette* (*Killette I*), No. 18-26, 2018 WL 4701970, at *3 (N.C. Ct. App. Oct. 2, 2018) (unpublished). The court held that defendant had forfeited his right to appeal when he failed to provide notice prior to entering his guilty plea. *Killette I*, 2018 WL 4701970, at *2 (citing *State v. Tew*, 326 N.C. 732, 735 (1990)). The Court of Appeals further held that it lacked authority under Rule 21 of the North Carolina Rules of Appellate Procedure to issue the writ. *Killette I*, 2018 WL 4701970, at *3 (citing *State v. Harris*, 243 N.C. App. 137, 141 (2015)). Defendant then petitioned this Court for discretionary review.

¶ 9        We remanded for reconsideration in light of *State v. Ledbetter*, 371 N.C. 192 (2018), and *State v. Stubbs*, 368 N.C. 40 (2015). In these decisions, the Court holds that Rule 21 does not limit the Court of Appeals' jurisdiction or bear on the decision to issue a writ of certiorari. *Ledbetter*, 371 N.C. at 197 ("Rule 21 does not prevent the Court of Appeals from issuing writs of certiorari or have any bearing upon the

decision as to whether a writ of certiorari should be issued."); *Stubbs*, 368 N.C. at 44 ("[W]hile Rule 21 might appear at first glance to limit the jurisdiction of the Court of Appeals, the Rules cannot take away jurisdiction given to that court by the General Assembly in accordance with the North Carolina Constitution."). Accordingly, we instructed the Court of Appeals to exercise its discretion in deciding whether to allow or deny defendant's petition.

¶ 10 On remand, the Court of Appeals again denied defendant's petition. *State v. Killette* (*Killette II*), 268 N.C. App. 254, 258 (2019). The Court of Appeals repeatedly indicated that defendant's failure to provide timely notice of his intent to appeal was fatal to his petition. *Id.* at 256 ("[W]hen a defendant pleads guilty without first notifying the State of the intent to appeal a suppression ruling, the defendant 'has not failed to take timely action,' and thus 'this Court is without authority to grant a writ of certiorari.' " (quoting *State v. Pimental*, 153 N.C. App. 69, 77, *disc. review denied*, 356 N.C. 442 (2002))); *see also id.* at 258 ("Defendant's petition does not assert his 'failure to take timely action.' "). The court held that it was required to deny the petition under *Tew*, *Pimental*, and *Harris. See id.* at 257 ("Under well-settled precedents, we disregard [*State v.*] *Davis* [237 N.C. App. 22 (2014)] and follow *Tew*, *Pimental*, and *State v. Harris* as the earlier, binding precedents.").

¶ 11 The court seemed to briefly acknowledge that it had jurisdiction over the petition and that it could choose to exercise its discretion and issue a writ of certiorari.

*See id.* at 258. However, it determined that the reasoning in *Tew*, *Pimental*, and *Harris* was sound and required denying defendant's petition. *See id.* ("Even if *Tew*, *Pimental* and *Harris* were not binding on the issues here—and they are—within any jurisdictional discretion to allow the petition, we would follow and apply their reasoning.").

¶ 12        Judge Inman wrote separately to express disapproval with the majority's holding that *Tew*, *Pimental*, and *Harris* "are binding on our exercise of discretion in this case." *Id.* at 258–59 (Inman, J., concurring). While *Tew* delt with a defendant's statutory right of appeal, it said nothing about a defendant's right to petition for a writ of certiorari. *Id.* at 259 (citing *Ledbetter*, 371 N.C. at 197). Judge Inman also concluded that *Pimental* and *Harris* did not control in light of *Ledbetter* and *Stubbs*. *Id.* at 259–60 (first citing *Ledbetter*, 371 N.C. at 197; and then citing *State v. Thomsen*, 369 N.C. 22, 27 (2016)). Judge Inman nevertheless agreed that defendant's petition should be denied. *Id.* at 260.

¶ 13        Defendant again petitioned this Court for discretionary review under N.C.G.S. § 7A-31. Defendant argued that the Court of Appeals improperly determined that *Pimental* and *Harris* control and that this error perpetuates a misapprehension of law regarding jurisdiction and authority to issue prerogative writs. On 3 February 2021 we allowed the petition for discretionary review.

## II. Analysis

¶ 14 This is the second time this Court has reviewed the Court of Appeals' denial of defendant's petition for writ of certiorari and the second time that the Court of Appeals has apparently acted believing that it had no choice but to deny the petition. In its opinion, despite acknowledging our opinions to the contrary in *Ledbetter* and *Stubbs* and *Thomsen*, the court said our prior decision in *Tew* and its own prior decisions in *Pimental* and *Harris* are "binding," requiring that the petition be denied. *Killette II*, 268 N.C. App. at 257. To be sure, our decisions in *Ledbetter*, *Stubbs*, and *Thomsen* should have made it clear that the Court of Appeals possessed jurisdiction and authority to exercise its discretion in reviewing and deciding to allow or deny defendant's petition. Accordingly, we vacate the Court of Appeals decision and remand, again, for that court to exercise its discretion in determining whether to allow or deny defendant's petition.

¶ 15 As we stated most recently in *Ledbetter*, "[r]egardless of whether Rule 21 contemplates review of defendant's motion to dismiss, this Court made it clear in both *Stubbs* and *Thomsen* that 'if a valid statute gives the Court of Appeals jurisdiction to issue a writ of certiorari, Rule 21 cannot take it away.'" 371 N.C. at 196 (quoting *Thomsen*, 369 N.C. at 27). Also in *Ledbetter*, we described the very error repeated by the Court of Appeals here:

> By concluding it is procedurally barred from exercising its . . . jurisdiction in this appeal, the Court of

> Appeals has, as a practical matter, set its own limitations on its jurisdiction to issue writs of certiorari. . . . [I]n the absence of a procedural rule explicitly allowing review, such as here, the Court of Appeals should turn to the common law to aid in exercising its discretion rather than automatically denying the petition for writ of certiorari . . . .

*Id.* In its new brief to this Court, the State as appellee acknowledged as much: "This Court has made clear in *Stubbs*, *Thomsen*, and *Ledbetter* that the Court of Appeals 'maintains broad jurisdiction to issue writs of certiorari unless a more specific statute revokes or limits that jurisdiction' and that 'Rule 21 does not prevent the Court of Appeals from issuing writs of certiorari or have any bearing upon the decision as to whether a writ of certiorari should be issued.' "

Consistent with this recent precedent, we hold that the Court of Appeals has jurisdiction and authority to issue the writ of certiorari here, although it is not compelled to do so, in the exercise of its discretion. Accordingly, we vacate the Court of Appeals decision here and remand to that court to exercise its discretion to allow or deny the petition for writ of certiorari on its merits. In addition, we overrule *Pimental*, *Harris*, and any other Court of Appeals decisions that incorrectly hold or imply that the Court of Appeals lacks jurisdiction or authority to issue a writ of certiorari in similar circumstances, or which suggest that Rule 21 limits its jurisdiction or authority to do so.

*It is so ordered.*

VACATED AND REMANDED.

Justice BERGER did not participate in the consideration or decision of this case.