An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-75

Filed 18 March 2026

Iredell County, No. 22CR050972-480

STATE OF NORTH CAROLINA

v.

JEFFREY ALLEN BORTZ, Defendant.

Appeal by defendant from judgment entered 10 July 2024 by Judge Michael S. Adkins in Iredell County Superior Court. Heard in the Court of Appeals 10 June 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Emily E. Sorge, for the State-appellee.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Brandon B. Mayes, for defendant-appellant.*

PER CURIAM.

Defendant appeals from a judgment entered 10 July 2024 revoking his probation and activating his suspended sentence. Because Defendant failed to properly invoke this Court's appellate jurisdiction, we dismiss the appeal.

**I.**

On 3 May 2023, defendant was convicted of felony larceny of a motor vehicle and felony larceny. The trial court imposed a 12–24 month active sentence and a consecutive 12–24 month suspended sentence with 30 months' supervised probation.

On 10 July 2024, following a hearing at which defendant admitted to the factual allegations in the pertinent violation reports, the trial court revoked defendant's probation based on allegations that he failed to report on multiple occasions, traveled outside his county of supervision, and absconded. The court activated his suspended sentence. Defendant filed a handwritten pro se notice of appeal on 15 July 2024.

## II.

This Court lacks jurisdiction where a defendant fails to properly give notice of appeal. *State v. McCoy*, 171 N.C. App. 636, 638 (2005).

Under Rule 4(a)(2) of the North Carolina Rules of Appellate Procedure, a party may appeal from a criminal judgment by "filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment." The notice must also "designate the judgment or order from which appeal is taken and the court to which appeal is taken," and must be signed by counsel or the appealing party if unrepresented. N.C.R. App. P. 4(b). Rule 4(c) requires service of the notice as provided in Rule 26.

Although defendant filed a pro se notice of appeal on 15 July 2024—five days after judgment was entered—the notice failed to designate the appellate court, did

not identify the specific judgment appealed from, and was not accompanied by a certificate of service. These defects are jurisdictional and prevent us from reaching the merits of the appeal. *See McCoy*, 171 N.C. App. at 638.

Defendant has alternatively petitioned for a writ of certiorari under Rule 21. This Court has discretionary authority to grant such a petition. *See State v. Ledbetter*, 371 N.C. 192, 197 (2018). Having reviewed the Record, including the transcript of the hearing below, and in light of the argument raised by defendant on appeal, in our discretion, we decline to do so.

## III.

Because defendant failed to properly invoke this Court's jurisdiction, and we decline to issue the writ of certiorari, the appeal is dismissed.

DISMISSED.

Panel consisting of Judges STROUD, HAMPSON, and GORE.

Report per Rule 30(e).