STATE v. EDGERSON

[164 N.C. App. 712 (2004)]

_____

STATE OF NORTH CAROLINA v. VELMA M. EDGERSON

No. COA03-1344

(Filed 1 June 2004)

**Probation and Parole— modification—no right to appeal**

An appeal was dismissed where defendant admitted violating her probation, the court modified the terms of her probation, and counsel submitted an Anders brief. Although a defendant may appeal by statute when the trial court activates a sentence or imposes special probation, neither occurred in this case. N.C.G.S. § 15A-1347.

Appeal by defendant from order dated 6 December 2002 by Judge Judson D. DeRamus, Jr. in Superior Court, Forsyth County. Heard in the Court of Appeals 10 May 2004.

STATE v. EDGERSON

[164 N.C. App. 712 (2004)]

*Attorney General Roy Cooper, by Assistant Attorney General Joan M. Cunningham, for the State.*

*Brannon Strickland, PLLC, by Anthony M. Brannon, for defendant-appellant.*

McGEE, Judge.

Defendant pled guilty to misdemeanor larceny on 22 October 2001 and was sentenced to forty-five days of imprisonment. The sentence was suspended and defendant was placed on supervised probation for eighteen months.

A probation violation report was filed on 12 September 2002 alleging that defendant had failed to complete any community service, had failed to make payments toward her monetary obligation, and had missed scheduled appointments with her probation officer. Defendant admitted violating her probation, and the trial court found that defendant willfully violated two of the conditions of her probation by failing to complete community service and by failing to pay her monetary obligation. The trial court continued defendant's probation and modified the terms. The trial court ordered defendant to (1) serve six months of intensive supervised probation; (2) complete 100 hours of community service within six months; (3) pay costs associated with her probation violation; and (4) submit to mental health evaluation, counseling and treatment. Defendant appeals.

Counsel appointed to represent defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that he has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967) and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of her right to file written arguments with this Court and by providing her with the documents necessary for her to do so. Defendant has not filed any written arguments on her own behalf with this Court and a reasonable time in which she could have done so has passed.

The State has filed a motion to dismiss the appeal. The State argues that there is no right to appeal from an order modifying probation. We agree.

" 'In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute.' " *State v. Jamerson,* 161 N.C. App. 527, 528, 588 S.E.2d 545, 546 (2003) (quoting *State v. Pimental,* 153 N.C. App. 69, 72, 568 S.E.2d 867, 869, *disc. review denied,* 356 N.C. 442, 573 S.E.2d 163 (2002)). N.C. Gen. Stat. § 15A-1347 (2003) provides that:

> When a superior court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, either in the first instance or upon a de novo hearing after appeal from a district court, the defendant may appeal under G.S. 7A-27.

Defendant's sentence was neither activated nor was it modified to "special probation." *See* N.C. Gen. Stat. § 15A-1344(e) (2003). Defendant therefore has no right to appeal.

We further deny defendant's petition for writ of certiorari. This Court has stated that:

> Where a defendant has no appeal of right, our statute provides for defendant to seek appellate review by a petition for writ of certiorari. However, our appellate rules limit our ability to grant petitions for writ of certiorari to cases where: (1) defendant lost his right to appeal by failing to take timely action; (2) the appeal is interlocutory; or (3) the trial court denied defendant's motion for appropriate relief. In considering appellate Rule 21 and N.C. Gen. Stat. § 15A-1444, this Court reasoned that since the appellate rules prevail over conflicting statutes, we are without authority to issue a writ of certiorari except as provided in Rule 21.

*State v. Jones,* 161 N.C. App. 60, 63, 588 S.E.2d 5, 8 (2003) (citations omitted); *see also* N.C. Gen. Stat. § 15A-1444(e) (2003). Accordingly, we are without authority to review, either by right or by certiorari, the trial court's modification of defendant's probation.

Dismissed.

Chief Judge MARTIN and Judge BRYANT concur.