IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-162

 Filed: 5 November 2019

Mecklenburg County, No. 16CRS237763

STATE OF NORTH CAROLINA

 v.

TIQUAN K. SUMMERS, Defendant.

 Appeal by Defendant from order entered 6 August 2018 by Judge Lisa C. Bell

in Mecklenburg County Superior Court. Heard in the Court of Appeals 2 October

2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Kristin J.
 Uicker, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender David W.
 Andrews, for the Defendant.

 DILLON, Judge.

 Defendant Tiquan K. Summers appeals from an order dismissing his case from

Mecklenburg County Superior Court on the basis of lack of jurisdiction.

 I. Background

 On 21 November 2016, officers arrested Defendant for embezzlement of

$1,284.00 from his employer.

 In April 2017, Defendant and the prosecutor entered into a deferred

prosecution agreement in district court whereby Defendant signed a document
 STATE V. SUMMERS

 Opinion of the Court

stipulating to the facts as presented by the prosecutor. Pursuant to that agreement,

the district court judge placed Defendant on probation for a period of 24 months.

 Eight months later, in December 2017, Defendant’s probation officer filed a

report alleging that Defendant had violated the conditions of his probation. On 27

April 2018, following a hearing on the matter, the district court entered an order

revoking Defendant’s probation, the effect of which allowed the State to pursue

prosecution. However, though the State had not yet restarted its prosecution of

Defendant, he immediately filed a notice of appeal to superior court from that order.

 After a hearing on the matter, the superior court dismissed the appeal, ruling

that the superior court did not have jurisdiction. Defendant seeks review with our

Court.1 After careful review, we affirm.

 II. Analysis

 Where a defendant has been charged with a low level felony or a misdemeanor,

the defendant and prosecutor can agree that prosecution be deferred and the

defendant be placed on probation. See N.C. Gen. Stat. § 15A-1341(a1) (2017).

Typically, under a deferred prosecution, the defendant signs an agreement admitting

to the facts of the crime alleged; however, he is not actually entering a plea of guilty.

See State v. Ross, 173 N.C. App. 569, 573, 620 S.E.2d 33, 37 (2005). If the defendant

 1It is the State’s position that Defendant’s appeal is from an interlocutory order. Indeed, there
is no final judgment entered against Defendant, as he has yet to be prosecuted. We note that
Defendant has filed a petition seeking a writ of certiorari. To the extent Defendant does not have an
appeal of right, we grant certiorari to reach the merits of Defendant’s arguments.

 -2-
 STATE V. SUMMERS

 Opinion of the Court

fails to comply with the terms of the agreement, the prosecutor is free to reinstate

charges. See State v. Courtney, ___ N.C. ___, ___, 831 S.E.2d 260, 270 (2019) (“A

prosecutor may reinstate charges . . . if a defendant fails to comply with the terms of

a deferred prosecution agreement.”). Where the charges are so reinstated, the

defendant is free, though, to plead “not guilty,” notwithstanding that he has

previously admitted to the facts of the crime. Ross, supra. But where a defendant

chooses to plead “not guilty,” the State may be able to use the defendant’s admissions

in the agreement as evidence in the trial. N.C. Gen. Stat. § 8C-1, Rule 801(d) (2017)

(out-of-court statement of a party opponent is generally admissible).

 Here, the district court revoked Defendant’s probation, determining that

Defendant had violated the terms of the deferred prosecution agreement. Unlike

most probation revocations, this revocation did not result in the activation of any

sentence, as Defendant had not yet even been prosecuted. Notwithstanding,

Defendant appealed the district court’s order to superior court.

 We conclude that the General Assembly has not provided an appeal of right

where probation has been revoked in a deferred prosecution context. Specifically, the

General Assembly has provided that “when a district court judge, as a result of a

finding of a violation of probation, activates a sentence or imposes special probation,

the defendant may appeal to the superior court for a de novo hearing.” N.C. Gen.

Stat. §15A-1347(a) (2018). But in the deferred prosecution context, no sentence is

 -3-
 STATE V. SUMMERS

 Opinion of the Court

activated nor any special probation conditions imposed when probation is revoked.

Rather, the effect of a revocation in this context is merely that the State is now free

to prosecute: there is not yet any final judgment. See State v. Edgerson, 164 N.C.

App. 712, 714, 596 S.E.2d 351, 353 (2004) (“Defendant’s sentence was neither

activated nor was it modified to ‘special probation’ . . . Defendant therefore has no

right to appeal.”). A defendant has no right to appeal the revocation until after he is

adjudged guilty. Therefore, we conclude that the superior court did not err in

dismissing Defendant’s appeal to that court from the district court’s order revoking

probation.

 We note, though, that the superior court does have the authority to issue writs

of certiorari under Rule 19 of the General Rules of Practice for the Superior and

District Courts, and that our Court has held that the superior court’s authority to

issue such writs is “analogous to the Court of Appeals’ power to issue a writ of

certiorari pursuant to N.C. Gen. Stat. § 7A-32(c).” State v. Hamrick, 110 N.C. App.

60, 65, 428 S.E.2d 830, 833 (1993). It may be that had Defendant petitioned the

superior court for certiorari, that court in its discretion would have granted the

petition and reviewed whether the district court acted properly in revoking his

probation, in the interest of judicial economy. But there is nothing in the record

indicating that Defendant ever petitioned the superior court for a writ of certiorari.

 IV. Conclusion

 -4-
 STATE V. SUMMERS

 Opinion of the Court

 No sentence was activated nor was special probation invoked; thus, Defendant

has no right of appeal to superior court. We, therefore, affirm the superior court’s

ruling dismissing Defendant’s appeal to that court from the district court’s order

revoking probation.

 AFFIRMED.

 Judges STROUD and YOUNG concur.

 -5-